```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 14-21982-Civ-SEITZ
                         MAGISTRATE JUDGE P. A. WHITE
JEAN DORCET HENRY,

     Petitioner,              REPORT RE DISMISSAL
                              FOR FAILURE TO OBTAIN
v.                            AUTHORIZATION PURSUANT TO
                                28 U.S.C. §2244(b)(3)
WARDEN, U.S.P.-ATLANTA,

     Respondent.
_____/
```

Introduction

Jean Dorcet Henry, a federal prisoner, while confined at the local Federal Correctional Institution in Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, attacking the constitutionality of his conviction and sentence for conspiracy to possess with intent to distribute cocaine entered following a jury verdict in the United States District Court for the Southern District of Florida, Case No. 00-435-Cr-Seitz.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B). No order to show cause was issued because, on the face of the motion, it is evident petitioner is entitled to no relief.

The Court has reviewed the initial habeas petition (DE#1). The court has also reviewed the on-line docket and pleadings in petitioner's underlying criminal case, no. 00-435-Cr-Seitz, as well as, petitioner's initial §2255 motion to vacate, filed with this court, and assigned case no. 05-20258-Civ-Seitz.

This court, recognizing that petitioner is *pro se,* afforded him liberal construction pursuant to Haines v. Kerner, 404 U.S. 419 (1972). Petitioner challenges the constitutionality of his conviction and sentence entered in case no. 00-435-Cr-Seitz,[1] claiming he is entitled to *vacatur* of his judgment in light of the Supreme Court's June 17, 2013 decision in Alleyne v. United States,[2] 570 U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (DE#s1,4).

## Background and Procedural History

Briefly, petitioner was charged with and found guilty of conspiracy to possess with intent to distribute cocaine entered

---

[1] To the extent petitioner suggests that the court has jurisdiction to vacate his conviction and sentence under the manifest injustice exception to the law-of-the-case doctrine, that argument also fails. See United States v. Gonzalez, 462 Fed.Appx. 873, 875 (11th Cir. 2012)(citing United States v. Jordan, 429 F.3d 1032, 1036 (11th Cir. 2005) (stating that law-of-the-case doctrine will not bar reconsideration of a decision if it was "clearly erroneous and following it would work a manifest injustice")). The law-of-the-case doctrine is not an independent basis for jurisdiction. Rather, the doctrine demonstrate the general unwillingness of courts (and the exceptions to that unwillingness) to revisit previously decided issues over which they already have jurisdiction. See Id.; (citing Jordan. at 1035; see also Goodwin v. Johnson, 224 F.3d 450, 458 (5th Cir. 2000)("A decision on the applicability of the doctrine ... presupposes that an issue ... is properly before the court.")). As applied here, the manifest injustice exception to the law-of-the-case doctrine, therefore, provides no jurisdictional basis for the court to reconsider petitioner's conviction and sentence.

[2] In Alleyne, the Supreme Court overruled its prior precedent in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Harris had held that "brandishing" a firearm for purposes of 18 U.S.C. §924(c)(1)(A)(ii), which triggered an increased mandatory minimum sentence, was a sentencing factor, rather than an element of the crime, which a judge could find at sentencing without violating the defendant's Sixth Amendment rights. Harris, 536 U.S. at 556, 568, 112 S.Ct. at 2414, 2420. In Alleyne, the Supreme Court concluded that "Harris drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum," noting "this distinction is inconsistent with our decision in Apprendi v. New Jersey, 530 U.S. 446, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and with the original meaning of the Sixth Amendment." Alleyne, 570 U.S. at ___, 133 S.Ct. at 2155. Thus, the Supreme Court in Alleyne held that any fact that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury. See Id. at ___, 133 S.Ct. at 2155.

2

following a jury verdict. (Cr-DE#s136,267). On October 31, 2001, the movant was sentenced to 292 months in prison, followed by five years of supervised release. (Cr-DE#332). On April 18, 2003, the Eleventh Circuit affirmed the movant's conviction and sentence in a written, but unpublished opinion. (Cr-DE#444). Certiorari review was denied on October 6, 2003. Henry v. United States , 540 U.S. 855 (2003).

Petitioner returned to the district court, filing his first §2255 motion to vacate, assigned case no. 05-20258-Civ-Seitz, challenging his conviction for numerous specified reasons, including a lack of jurisdiction by the court, double jeopardy violations, and defective indictment. A Report was entered recommending that the §2255 motion be dismissed, as time-barred. On September 27, 2005, the Report was adopted, the motion dismissed as time-barred, and the case closed. No direct appeal was prosecuted.

Although this court dismissed petitioner's first habeas action on statute of limitations grounds, such dismissal constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. §2244(b)(3). See Jordan v. Sec'y, Dep't of Corr's, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive §2254 petition after first habeas petition was dismissed as untimely); Hutcherson v. Riley, 468 F.3d 750, 755 (11th Cir. 2006) (after failed, untimely §2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. §2244(b)" in order to receive requisite authorization from appellate court to file successive habeas petition in district court); Murray v. Grenier, 394 F.3d 78, 81 (2nd Cir. 2005)("[D]ismissal of a §2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders

3

[any] future petitions under §2254 challenging the same conviction 'second or successive' petitions...."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003); Villanueva v. United States, 346 F.3d 55, 59-61 (2nd Cir. 2003), cert. den'd, 542 U.S. 928, 124 S.Ct. 2895, 159 L.Ed.2d 791 (2004).

Undeterred, petitioner, who is currently confined at the U.S.P. in Atlanta, Georgia, has now come to this court, filing the instant §2241 proceeding, challenging his conviction and sentence in light of Alleyne, and raising claims challenging trial counsel's effectiveness. (DE#1).

## Discussion

The first question the court must address is whether the instant petition should be treated as a motion to vacate or set aside the conviction pursuant to §2255, rather than a true habeas petition under §2241. For the reasons explained below, the court finds the petition is properly analyzed as a §2255 petition.

It is well-established that a federal court is not bound by the labels a prisoner may put on his filings. The court is required to determine the substance of the filing and treat it accordingly, notwithstanding what the prisoner may call it. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category....They may do so in order to avoid an unnecessary dismissal...to avoid inappropriately stringent application of formal labeling requirements..., or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis...." Castro v. United States, 540 U.S. 375, 381-82, 124 S.Ct. 786, 791-92, 157 L.Ed.2d

4

778 (2003). Indeed, "[F]ederal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Myrthil, 433 Fed.Appx. 727, 728 (11th Cir. 2011)(quoting United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003)).

Recharacterizing a petition, however, has consequences as well. For example, recharacterizing a §2241 petition as a §2255 motion may implicate the restrictions on filing "second and successive" motions in §2255(h) or the one-year time bar in §2255(f). Due to these consequences, the Supreme Court held in Castro that, before recharacterizing a petition as a first §2255 motion, the court must explain the consequences to the petitioner and allow him to decide whether to withdraw the petition before it is recharacterized. Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003).[3]

In the instant case, the court is persuaded that petitioner has intentionally and deliberately pleaded a §2241 petition, in order to take advantage of the "savings clause" found in §2255. This is not a case in which the petitioner has filed a petition without a clear understanding of the difference between §2241 and §2255. Ordinarily, challenges to the validity of a federal conviction must take the form of a §2255 motion filed in the original court of conviction. Lovett v. Warden, FCC Coleman–USP I, 368 Fed. Appx. 74, 76 (11th Cir. 2010)("Ordinarily, a defendant may only pursue a collateral attack on the validity of his federal

---

[3]In this case, a recharacterization would not result in the instant petition being treated as a "first" §2255 motion, as it is clear that petitioner already has filed one earlier motion. Recharacterizing it as a §2255 motion would subject it to the limitation on second and successive motions, requiring the court to dismiss it for lack of jurisdiction if the court of appeals has not granted approval for its filing. To avoid that limitation, federal convicts frequently attempt to resort to the use of a §2241 petition instead.

conviction or sentence pursuant to a motion filed under 28 U.S.C. §2255.")(citing Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).

Here, it is evident petitioner is challenging the validity of his conviction, which is properly brought pursuant to §2255. However, §2255 itself contains a "savings clause" which allows a petitioner to resort to the use a §2241 habeas petition if he can show that the remedy provided by §2255 is inadequate or ineffective.

Since petitioner is barred from filing another motion under §2255, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. §2241. However, §2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition. Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. §2255(e)(emphasis added). The emphasized language above is known as the "savings clause," which allows habeas corpus review of a claim, but only if (1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in

petitioner's trial, appeal, or first §2255 motion. See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The savings clause applies only if petitioner has satisfied all three elements. Id. This showing is significant because a prisoner does not "open the portal" to a §2241 proceeding until he has demonstrated that the savings clause applies to him. Id. at 1244 n.3; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[4]

The unavailability of relief under §2255 because of a statute of limitations bar, the prohibition against a second or successive §2255 motion, or a procedural bar, does not demonstrate that a §2255 remedy is inadequate or ineffective. Wofford, 177 F.3d at 1245 (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(accord); see also, In re Hill, 715 F.3d 284 (11th Cir. 2013).

Petitioner here is attempting to use §2241 for an impermissible purpose, that is, simply to escape the restrictions on second or successive motions under §2255. See Miller v. Warden, 449 Fed.Appx. at 774; see also, Hernandez v. Drew, 371 Fed.Appx. 991, 993 (11th Cir. 2010)("The savings clause does not permit a prisoner to circumvent the requirements for filing a §2255 motion merely by filing a §2241 petition.").

Petitioner has styled this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. While a §2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of a criminal court's

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

7

judgment, a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. §2255, a §2255 motion is generally the proper means to challenge the imposition or length of detention. See Sawyer v. Holder, 326 F.3d 1363, 1365 n.3 (11th Cir. 2003); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (citing McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Regardless of petitioner's attempt to disguise his pleading as a §2241 petition, it is, in legal effect, a successive §2255 motion. See Hardy v. United State, 443 Fed.Appx. 489 (11th Cir. 2011)(finding motion filed pursuant to Rule 60(b), which attacked previous rejection of the claim on the merits in a §2255 motion must be analyzed according to the rules set out in 28 U.S.C. §2255 for second or successive motions)(unpublished). Ordinarily, an action in which an individual seeks to collaterally attack his convictions and sentences should be filed under 28 U.S.C. §2255. See 28 U.S.C. §2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).

Because petitioner's first properly filed §2255 motion was dismissed on the merits, he may not file another §2255 motion without first receiving permission from the appropriate United States Court of Appeals. See Miller v. Warden, 449 Fed.Appx. 773, 774 (11th Cir. 2011)("[I]f a federal prisoner previously filed a §2255 motion that was denied or dismissed with prejudice, he must apply for and receive permission from the court of appeals before filing a successive §2255 motion."). Here, petitioner has neither sought nor been granted such permission. See 28 U.S.C. §2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)("[w]hen a prisoner has previously filed a §2255 motion to vacate, he must apply for and receive permission...before filing a successive §2255 motion.").

8

In order to obtain review, petitioner must first demonstrate that he obtained a certificate from the Eleventh Circuit Court of Appeals granting him permission to file a second or successive §2255 motion. See 28 U.S.C. §2244(b)(3)(A). He has not done so here. Therefore, this Court is without jurisdiction to entertain his current filing as a §2255 motion. See 28 U.S.C. §2244(b)(2)-(3); Burton v. Stewart, 549 U.S. 147, 153 (2007); El-Amin v. United States, 172 Fed.Appx. 942, 946 (11th Cir. 2006)(unpublished).

Petitioner argues that Alleyne is a retroactively applicable Supreme Court decision, and therefore, this petition is entitled to review on the merits. As applied here, petitioner has not demonstrated that Alleyne applies retroactively on collateral review, and the Eleventh Circuit has previously stated that it does not. See Chester v. Warden, __ Fed.Appx. ___, 2014 WL 104150 (11th Cir. Jan. 13, 2014). The only avenue for collateral relief would be the savings clause, but because Alleyne is based on Apprendi,[5] it does not apply retroactively to cases on collateral review. Id. at *3 (citation omitted); see also, United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014)(citation omitted). Consequently,

---

[5] The Eleventh Circuit has held that cases such as, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) are not retroactively applicable on collateral review. See e.g., Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005), cert. denied, 529 U.S. 1122, 120 S.Ct. 1992, 146 L.Ed.2d 817 (2005). The Eleventh Circuit has found that the decision in Alleyne is based on Apprendi, therefore, a defendant whose conviction became final long before Apprendi and Alleyne were decided, cannot now collaterally challenge his conviction based on his jury's failure to find drug quantity, because the holding in Apprendi does not apply retroactively. Starks v. Warden, FCC Coleman-USP I, __ Fed.Appx. ___, 2013 WL 6670797 (11th Cir. 2013). Other courts have similarly held that since Apprendi and its progeny have not been found retroactively applicable, thereby implying that the Supreme Court will not declare Alleyne to be retroactively applicable. See Simpson v. United States, 721 F.3d 875 (7th Cir. 2013); Scott v. United States, 2013 WL 4077546, *1 (S.D.Ga. 2013); Ward v. United States, 2013 WL 4079267, *2 (W.D.N.C. 2013). Unless the Supreme Court decides some time in the future that Alleyne applies retroactively on collateral review, movant cannot now collaterally challenge his convictions and sentences pursuant to Alleyne.

9

since petitioner cannot invoke the savings clause, this court thus cannot rule on the merits of petitioner's claims.

Where as here, a petitioner challenges the validity of his conviction or sentence by seeking to add a new ground for relief not previously raised, the motion is properly considered as a second or successive §2255 motion. Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007); Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011)(*en banc*), cert. den'd, ___ U.S. ___, 132 S.Ct. 1001 (2012). As noted previously, an inmate may not file a successive §2255 motion without prior authorization from the Eleventh Circuit. See 28 U.S.C. §2255(h); 18 U.S.C. §2244(b)(3); United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002).

Thus, in order to obtain review, petitioner must first demonstrate that he obtained a certificate from the Court of Appeals granting him permission to file a second or successive habeas petition. See 28 U.S.C. §2244(b)(3)(A). Petitioner has not done so here. Importantly, while the savings clause of §2255(e) applies to claims of actual innocence of the crime of conviction, it does not apply to sentencing claims, at least not where the sentence being attacked does not exceed the statutory maximum. United States v. Gilbert, 640 F.3d 1293, 1313 (11th Cir. 2011); see also, United States v. Terrell, 141 Fed.Appx. 849, 852 (11th Cir. 2005)(finding motion to reopen and amend an initial §2255 motion should be construed as successive motion where initial motion has already been ruled upon by the district court and is pending before the appellate court).

In this case, because the petitioner's §2255 motion was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2255 motion, this

10

court is without jurisdiction to entertain his current filing as a §2255 motion for the reasons previously specified. See 28 U.S.C. §2244(b)(2)-(3); Burton v. Stewart, 549 U.S. 147, 153 (2007); El-Amin v. United States, 172 Fed.Appx. 942, 946 (11th Cir. 2006).

### Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)(citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the undersigned finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. §2253(c)(2).

Notwithstanding, if petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).  The petitioner will be provided with a form to apply for such authorization with this report.

### Conclusion

It is therefore recommended that petitioner's §2241 habeas petition be dismissed as an improper filing under §2241 and for

11

lack of jurisdiction; that as a §2255 motion, this case be dismissed as successive; that judgment be entered against petitioner; that no certificate of appealability issue; and, that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 2nd day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jean Dorcet Henry, <u>Pro Se</u>
Reg. No. 60701-004
U.S.P. - Atlanta
P.O. Box 150160
Atlanta, GA 30315

Noticing 2241/Bivens US Attorney
Email: <u>usafls-2255@usdoj.gov</u>